UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORETTA MCFARLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-3335 |
| ) | |
| THE HOPE INSTITUTE FOR ) | |
| CHILDREN AND FAMILIES, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Motion) (d/e 8). For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

I. BACKGROUND

On December 6, 2012, Plaintiff, Loretta McFarland, filed a "Complaint of Employment Discrimination" (Complaint) (d/e 1) against Defendant, The Hope Institute for Children and Families. When filing her Complaint, Plaintiff used the standard form made available on the

United States District Court for the Central District of Illinois' website.

When filing out her Complaint, Plaintiff did not mark any of the boxes in Paragraph 7 to indicate the basis for this Court's jurisdiction.  In Paragraph 11 of the Complaint, Plaintiff checked the boxes that indicate she is alleging Defendant intentionally discriminated against her:  (1) by retaliating against her because she did something to assert rights protected by the laws; (2) by coercing, intimidating, threatening, or interfering with her exercise or enjoyment of rights; and (3) with respect to the compensation, terms, conditions, or privileges of employment.  Paragraph 12 instructs, and provides space for, Plaintiff to state the essential facts of her claim.  Plaintiff did not include any factual detail and instead left the space provided blank.

Attached to the Complaint were two "Charges of Discrimination" (Charge) Plaintiff filed with the Illinois Department of Human Rights filed on April 19, 2012 and July 20, 2012.  The April 19, 2012 Charge of Discrimination alleges sexual harassment.  Specifically, Plaintiff alleged a supervisor grabbed both of her legs and moved his hands up her thigh

approaching her pelvic region.  According to the Charge, this created a hostile and intimidating work environment and interfered with Plaintiff's ability to perform her duties.  The Charge further alleged that Defendant knew what had transpired and failed to discipline the supervisor.

The July 20, 2012 Charge of Discrimination contains several allegations.  Plaintiff alleged she was retaliated against for opposing unlawful discrimination after she filed an incident report and a "human rights charge" in which she alleged sexual harassment.  The alleged retaliation included a 20 day suspension, intimidation, unequal terms of employment, and discharge.

Plaintiff also attached two "Dismissal and Notice of Rights" letters she received from the Equal Employment Opportunity Commission (EEOC) that informed her the EEOC was closing its file on Plaintiff's Charges.  See d/e 1 at p. 6 (dated October 26, 2012) and d/e1 at p.9 (dated November 17, 2012).

On February 22, 2013, Defendant filed the instant Motion to Dismiss.

## II.  JURISDICTION AND VENUE

The federal questions posed by Plaintiff's claims of employment give this Court subject-matter jurisdiction.  See 28 U.S.C. §1331.  Personal jurisdiction and venue requirements are satisfied because the relevant acts occurred in this judicial district.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal jurisdiction exists where a defendant "purposefully avail[ed] [himself or herself] of the privilege of conducting activities" in the forum state); see 28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial district where any defendant resides, if all defendants reside in the same State).

## III.  LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  That statement must

be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929, 940 (2007).  This means that: (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).  While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d at 940.  Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868, 885 (2009) (citing Twombly, 550 U.S. 544 (2007)).  "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904

(7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

IV.  ANALYSIS

Here, Defendant argues that "Plaintiff has failed to include a single factual allegation in Paragraph 12 or any other paragraph of the Complaint.  Accordingly, [Defendant] is left to speculate as to the specific legal and factual basis underlying Plaintiff's Complaint."  Motion to Dismiss, d/e 8 at p. 3.  Defendant contends that the Complaint does not provide Defendant with a fair notice of the claim and its factual basis and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court disagrees.

When a plaintiff is proceeding pro se, the "complaint must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel."  Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).  Moreover, a "copy of a written instrument that is an exhibit to a pleading," such as the Charges of Discrimination and the right-to-sue letters that Plaintiff attached to her complaint, are "part of the pleading for all purposes."  See Hawkins v. LaPorte Regional Health Systems,

2010 WL 4721165, at *1 (N.D. Ind. Nov. 12, 2010) (quoting Fed.R.Civ.P. 10(c).

As stated above, Plaintiff checked the boxes of the pre-printed Complaint form to indicate she was claiming that Defendant retaliated against her because she asserted rights protected by the law, that Defendant intimidated her, and that Defendant subjected her to unequal terms and conditions of employment.  The Charges of Discrimination, which are considered part of the Complaint because they are attached thereto, set forth the underlying facts of the Complaint.  One of the Charges alleges sexual harassment by a supervisor and that the harassment created a hostile working environment that interfered with Plaintiff's ability to perform her duties.  The Charge further alleges that Defendant knew of the sexual harassment and failed to discipline the supervisor.  The other Charge alleges that Defendant retaliated against Plaintiff for reporting the harassment by suspending her, intimidating her, subjecting her to "unequal terms", and discharging her.  These Charges and the Complaint reasonably put Defendant on notice that

Plaintiff is bringing her claims under Title VII of the Civil Rights Act, 42. U.S.C. §§ 2000e *et seq.*, and that she alleges sexual harassment and retaliation for reporting the harassment and filing her Charges of Discrimination.

## V. CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 8) is DENIED. This matter is referred back to Judge Cudmore for further pretrial proceedings.

IT IS SO ORDERED.

ENTER: May 2, 2013

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
United States District Judge
